# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**DWAYNE A. MCGEE,**

    **Plaintiff,**

vs.                                                 **CASE NO. 1:06CV219-MMP/AK**

**JAMES MCDONOUGH, et al,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed this civil rights complaint on October 25, 2006. (Doc. 1). He did not file a motion to proceed *in forma pauperis*. Plaintiff claims that he and a "multitude" of other inmates at Mayo Correctional Institution are being denied access to the law library. (Doc. 1).

Judicial notice is taken that plaintiff has filed the following civil rights cases in the United States District Court for the Middle District of Florida: 3:99cv428; 3:99cv566; and 3:00cv861.[1] On May 6, 1999, case number 3:99cv428 was dismissed for abuse of the judicial process. (*See* 3:99cv428, docs. 3 & 4.). Such action counts as a strike. Rivera

---

[1] This list does not include the habeas corpus action plaintiff filed in the Middle District, namely: 1:95cv327.

v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) ("Although the district court may not have uttered the words "frivolous" or "malicious," dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).). On June 15, 1999, case number 3:99cv566 was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  (See 3:99cv566, docs. 3 & 5).  See also McGee v. Crosby, Case No. 3:03CV522 (dismissed because Plaintiff has three strikes) and McGee v. Pinkard, Case No. 4:03CV350 (same).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury.  Because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed.  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and the clerk be directed to close the file.

**IN CHAMBERS** at Gainesville, Florida, this  **3rd** day of January, 2007.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06CV219-MMP/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV219-MMP/AK**